# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARIOUS R. JEFFERSON,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 05-cv-442-DRH** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 99-cr-30117** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, pro se, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Prior to the passage of the Antiterrorism and Effective Death Penalty Act, Pub. L 104-132, 110 Stat. 1214 ("the Act"), a motion under § 2255 could be brought at any time. However, since the Act was passed on April 24, 1996, § 2255 now provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the Petitioner was sentenced on September 22, 2000. On June 6, 2001, the Petitioner's conviction was affirmed on direct appeal. *See United States v. Jefferson*, 252 F.3d 937 (7th Cir. 2001). Petitioner did not file a petition for certiorari with the Supreme Court. Therefore, for purposes of § 2255, the Petitioner's conviction became final on September 4, 2001.

Petitioner filed the instant motion on June 22, 2005, almost three years too late. Petitioner argues that the motion should be considered timely because the Seventh Circuit's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) represents a substantial change in the law. *Booker* was affirmed by the Supreme Court on January 12, 2005. *United States v. Booker*, 543 U.S. 220 (2005). However, the Seventh Circuit has held that the ruling does not apply retroactively to convictions that were final prior to the *Booker* decision. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Petitioner also cites *United States v. Ward*, 377 F.3d 671 (7th Cir. 2004), as substantially changing the law. *Ward* merely applies the Seventh Circuit's holding in *Booker*, and therefore does not represent a substantial change in the law on its own. *Ward*, 377 F.3d at 678. Accordingly, Petitioner cannot use these decisions as a basis for finding his motion timely. Therefore, the motion

is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Accordingly, Petitioner's section 2255 motion is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: April 13, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**